RECEIVED FOR FILING
STATE COURT CLERK

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2015 JUN 11 PM 4:21

LINDA G. WILLIAMS,

Plaintiff,

VS.

CHATHAM COUNTY, GEORGIA, and KIM H. BIRGE,

Defendants.

CIVIL ACTION NO: ______________

## COMPLAINT

COMES NOW LINDA G. WILLIAMS, Plaintiff in the above-styled action, and by and through her undersigned attorneys, SAVAGE, TURNER & PINCKNEY, sets forth her Complaint against Defendants, CHATHAM COUNTY, GEORGIA, and KIM H. BIRGE as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Linda Williams, is a citizen and resident of Chatham County, State of Georgia. Plaintiff is a 56 year old African-American female and is subject to the jurisdiction of this Court.

2. Defendant Chatham County is a county in the State of Georgia. Pursuant to O.C.G.A. § 9-11-14(e)(5), Chatham County, Georgia and is subject to the venue and jurisdiction of this Court. Plaintiff has satisfied the requirements of O.C.G.A. § 36-11-1 by providing the county with both an *ante litem* notice, attached hereto and made a part hereof as Exhibit "A", and the well-pled contentions and claims in this Complaint. Plaintiff has satisfied all other statutory conditions precedent to



Exhibit A

bringing this action against Defendant Chatham County. A copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit "B". Defendant Chatham County can be served through Albert J. Scott, Chairman, Chatham County Board of Commissioners, 124 Bull Street, Suite 210, Savannah, Georgia 31401.

3. Defendant Kim H. Birge is a citizen and a resident of Chatham County, State of Georgia. Defendant Birge is a 60 year old white female and is subject to the jurisdiction of this Court. Upon information and belief, she can be served at 128 Falligant Avenue 8344, Savannah, Georgia 31410.

4. This is an action for (1) discrimination based on race, age, and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, et seq. (Title VII) and the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq. (ADEA); (2) Charge Retaliation for participation in Equal Employment Opportunity violation; (3) Hostile Work Environment; (4) Punitive damages; and (5) Attorney's fees.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5. Plaintiff previously was employed as a clerk in Defendant Chatham County's Office of the Clerk of Probate Court in Savannah, Georgia.

6. At all times pertinent hereto, Plaintiff was continuously employed in a full time work capacity with Defendant Chatham County, performed her work fully, completely and satisfactorily, and received satisfactory performance evaluations.

7. At all times pertinent hereto, Plaintiff was qualified to perform all functions as a clerk in Defendant Chatham County's Probate Court office.

8. In 2004, Plaintiff was hired by Defendant Chatham County as a Deputy Clerk I for the Probate Court.

9. On October 22, 2014, Plaintiff was discharged by Defendant Chatham County due to allegations of disrespectful behavior and insubordination.

10. At all times pertinent hereto, Defendant Kim H. Birge was an employee of Defendant Chatham County as the Chief Clerk of the Probate Court and the supervisor of the Plaintiff.

11. Defendant Kim Birge claimed that Plaintiff acted "rude, loud, and insubordinate" in response to Kim Birge's denial of Plaintiff's request for vacation time, which she accrued and needed to use before it expired.

12. During Plaintiff's employment, she was promoted to Deputy Clerk II in 2009 after taking over the mental health affidavits and temporary guardianship files. Subsequently, however, Plaintiff was passed over at least 7 times for promotions.

13. Plaintiff has been discriminated against and exploited by the Defendants Chatham County and Kim Birge in her race, age, and color. Despite both Plaintiff's requests to learn more advanced office tasks and Plaintiff's initiative to handle more responsibilities, Defendant Kim Birge promoted other white women and a much younger man over Plaintiff for positions in which Plaintiff was duly qualified.

14. Other employees promoted over Plaintiff include but were not limited to: Beth McKenzie, a white female, around 58 years old; Deborah Hamm, a white female,

around 60 years old; and Mahendra Mahabir, a male of Indian descent, around 36 years old.

15. When Plaintiff inquired about promotions, the Judge of the Probate Court told her if her "position ain't broke, don't fix it".

16. During Plaintiff's employment, she was denied several raises, which prevented her from reaching her full earning potential.

17. Prior to Plaintiff's termination, Defendant Kim Birge made numerous egregious racial remarks to her in front of other employees. Such remarks that were directed to Plaintiff included calling Plaintiff "Aunt Jemima" and "Big Booty". Other inappropriate remarks included telling Plaintiff about how her (Kim Birge's) grandmother hired a gentleman as "black help" to whom she referred as her "nigger slave".

18. Before filing an EEOC claim, Plaintiff exhausted the grievance process by meeting directly with the judge and her supervisor, and when that was to no avail, by communicating with the Human Resources department of Defendant Chatham County.

19. All meetings arranged by Human Resources between Plaintiff and her superiors failed. Plaintiff's superiors did not take her claims seriously, which led to filing an EEOC complaint.

20. After filing an EEOC complaint on September 23, 2013, Plaintiff was retaliated against by Defendant Kim Birge, who repeatedly made Plaintiff feel uncomfortable in the office by openly making derogatory remarks about the

Plaintiff to other co-workers within Plaintiff's earshot. Further, Kim Birge punished Plaintiff for filing an EEOC complaint by taking away Plaintiff's one-hour lunch break. As a result, Plaintiff had to visit her doctor for prescribed sleeping and depression medication.

21. Defendant Kim Birge intimidated Plaintiff, by creating a hostile work environment and by keeping a camera with audio pointed towards Plaintiff's desk.

22. After she was terminated, Plaintiff was replaced by a white female who is a personal friend of the Judge.

23. Plaintiff has been discriminated against because she is an older, African American female with dark skin and features.

24. Defendant Chatham County allowed Defendant Kim Birge to force terminations and to create a hostile work environment.

25. At all times referred to herein, Defendant Kim Birge was acting in her full employment capacity as Chief Clerk of the Probate Court.

26. Defendant Chatham County is responsible for the actions of Defendant Birge.

27. As a consequence of Defendants Chatham County and Kim Birge's misconduct and unlawful employment practices, Plaintiff has suffered pain and suffering and a loss of income and fringe benefits.

28. As a result of the acts of discrimination, Plaintiff suffered emotional harm and harm to her reputation.

29. Defendants Chatham County and Kim Birge's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

30. The foregoing actions of Defendants intentionally discriminated against Plaintiff because of her race, age, and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, et seq. (Title VII) and the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq. (ADEA).

31. Plaintiff timely filed a charge of retaliation, hostile work environment, and race, age, and color discrimination with the Equal Opportunity Commission and brings this action within ninety (90) days of the receipt of her Notice of Right to Sue.

**CLAIMS FOR RELIEF**

**COUNT I**

**DISPARATE TREATMENT IN VIOLATION OF TITLE VII AND ADEA**

32. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33. In treating younger employees more beneficially than older employees, Defendant Chatham County has violated Title VII and the ADEA thus entitling Plaintiff to all appropriate relief provided thereunder.

34. As a direct and proximate result of the unlawful discriminatory conduct of Defendants Chatham County and Kim Birge, committed in derogation of Plaintiff's protected rights, Plaintiff has suffered lost wages and benefits of employment to be determined at trial.

35. As a direct and proximate result of intentional and unlawful conduct of Defendants Chatham County and Kim Birge, committed in derogation of Plaintiff's protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

**COUNT II**

**RETALIATION FOR EEOC CLAIM**

36. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37. Plaintiff was terminated based on her race, age, and color.

38. Defendants Chatham County and Kim Birge have wrongfully retaliated against Plaintiff for filing the EEOC claim, and for opposing Defendants' unlawful employment practices.

39. Defendant Chatham County was aware of Defendant Kim Birge's decision to rescind Plaintiff's lunch privileges in response to Plaintiff's filing the EEOC claim.

40. Defendants Chatham County and Kim Birge's intentional discrimination against Plaintiff has altered the terms, conditions and privileges of Plaintiff's employment because of her race, age, and color.

**COUNT III**

**HOSTILE WORK ENVIRONMENT**

41. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42. Defendant Kim Birge's conduct was extreme and outrageous and was intended to and did cause Plaintiff to suffer severe mental distress.

43. Defendant Kim Birge has wrongfully and intentionally created a hostile work atmosphere for Plaintiff because of Plaintiff's race, age, and color, and Defendant Kim Birge's intentional discrimination against Plaintiff includes harassment of Plaintiff due to race, age and color.

44. Defendant Chatham County was aware of and encouraged Defendant Kim Birge to identify Plaintiff as "Aunt Jemima" and "Big Booty" and other inappropriate remarks including telling Plaintiff about how her (Kim Birge's) grandmother hired a gentleman as "black help" to whom she referred as her "nigger slave".

45. Defendant Chatham County knew of and approved the intimidation tactics and acts of Defendant Kim Birge, to discriminate against Plaintiff. These tactics include but are not limited to Kim Birge's video and audio recording of Plaintiff during work.

46. Defendant Chatham County knew of and approved the intimidation tactics and acts of Defendant Kim Birge, in order to discriminate against employees, such as Plaintiff, who are over the age of forty (40) who would question the unethical and illegal behaviors of Birge.

**COUNT IV**

**PUNITIVE DAMAGES**

47. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

48. Defendants Chatham County and Kim Birge's outrageous conduct in terminating Plaintiff was not only malicious and outrageous, but exhibited a specific intent to cause harm to Plaintiff, for which Defendant Chatham County is liable for punitive damages, in such amount as the jury determines to be appropriate, to punish them or to deter them from repeating such willful and malicious conduct.

**COUNT V**

**ATTORNEY'S FEES**

49. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50. Defendants have acted in bad faith and has caused unnecessary trouble and expense, which entitles to reimbursement for the expenses of litigation, including reasonable attorney's fees.

**WHEREFORE,** Plaintiff demands a jury trial and respectfully prays as follows:

a. That service of process be made upon Defendants according to law;

b. That Defendants have maintained and continue to maintain a policy and practice of racial, age, and color discrimination;

c. That Plaintiff recovers damages, including but not limited to compensatory and liquidated damages under Title VII and the ADEA;

d. That Plaintiff is awarded all the pay and fringe benefits she has lost as a result of Defendants' unlawful discrimination against her;

e. That Plaintiff is awarded compensatory and punitive damages for injuries suffered as a result of Defendants' unlawful discrimination against her;

f. That Plaintiff recovers from Defendants a sum in the amount to be determined by the enlightened conscience of a jury for pain and suffering, the full amount of related expenses for aggravated damages to deter Defendants from committing similar wrongs or Plaintiff recovers an amount to fairly compensate for her loss sustained as determined by this Court;

g. That Plaintiff recovers her costs and reasonable attorney's fees pursuant to 42 USC § 1988 and O.C.G.A. § 13-6-11;

h. That all issues be tried by a jury; and

i. For such other and further relief as this Court may deem just and proper.

This 11th day of June, 2015.

Brent J. Savage
Georgia Bar No. 627450

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, Georgia 31412
Telephone (912) 231-1140
Facsimile (912) 232-4212

# EXHIBIT

# "A"

SAVAGE
TURNER
PINCKNEY

BRENT J. SAVAGE
ROBERT BARTLEY TURNER
KATHRYN HUGHES PINCKNEY
BRENT J. SAVAGE, JR.
WILLIAM K. OTTO
DAPHNE S. WITHROW
TINA CHENG
SAMUEL W. HUGHES
ANDREW J CONN

June 1, 2015

VIA ELECTRONIC MAIL AT
rjhart@chathamcounty.org and
VIA FACSIMILE (912) 652-7887

R. Jonathan Hart
County Attorney, Chatham County
124 Bull Street, Suite 240
Savannah, Georgia 31401

Re: Linda Williams, Former Probate Court Employee

Dear Jon:

I represent Ms. Linda Williams, former employee of the Chatham County Probate Court, in relation to a wrongful discharge of employment on October 22, 2014, as well as defamatory conduct by other county employees during Ms. Williams' employment.

Please call my office at your convenience to discuss this matter. Ms. Williams' right to sue from the EEOC expires on June 15, 2015. Thanks.

Cordially,

Brent J. Savage
SAVAGE, TURNER & PINCKNEY

cc: Linda Williams